IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD LEE,

                Plaintiff,                ORDER

v.

                                    01-cv-197-jcs

JON LITSCHER, GERALD BERGE, et.al.

                Defendants.

---

On August 4, 2009, plaintiff Donald Lee filed a motion for return of fees in this case. He also asks for the fees to be returned in three other cases that are not pending in this court. In his letter, plaintiff objects to the institution's procedure in collecting his filing fees because he has no money left in his account for hygiene items. I will construe plaintiff's letter as a motion to waive or reduce his monthly payments of the unpaid balance of his filing fee in this case. The motion must be denied.

Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). If the prisoner then files additional complaints or appeals, the amount owed increases as well. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). Using the formula described above, plaintiff is currently required to pay 20% of his monthly income until the remaining balance for this case is paid in full. Court records reflect that petitioner has an outstanding balance of $31.16.

In his motion, plaintiff says prison officials are taking 100% of his income to pay the filing fees he owes for this case, other federal court filing fees, state court filing fees and legal loans. He says that he cannot afford necessary items such as a toothbrush and shower shoes. Although I appreciate plaintiff's frustrations with being unable to purchase hygiene products, this court is bound by the provisions of the Prison Litigation Reform Act. I have no discretion to modify the method in which the fees for filing these cases are collected. Therefore, I must deny plaintiff's motion to waive or reduce his monthly payments.

ORDER

IT IS ORDERED that plaintiff's motion to waive or reduce his monthly payments of the unpaid balance of his filing fee in this case, dkt. #70, is DENIED.

Entered this 26th day of August, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge